## AKRON PURE MILK CO v SMITH

Ohio Appeals, 9th Dist, Summit Co

Decided April 8, 1936

Musser, Kimber & Huffman, Akron, and Waters, Andress, Wise, Roetzel & Maxon, Akron, for plaintiff in error.

Harry W. Schwab, Akron, W. E. Pardee, Akron, and Charles F. Scanlon, Akron, for defendant in error.

### OPINION

By THE COURT

This case reaches this court on error to the Common Pleas Court of Summit County, which rendered a judgment for $25-000.00 in favor of the plaintiff against the defendant upon a verdict for $35,000.00, after requiring a remittitur of $10,000.00 as a condition to the overruling of a motion for a new trial. The action was based on negligence causing personal injury.

The difficult question presented by this record relates to the amount of the judgment. There is no difficulty in reaching the conclusion that a jury would be justi-fied in awarding a substantial sum for the injuries shown by the evidence. It award-ed $35,000. The trial court thought this amount excessive, but found that the jury was not influenced by bias or prejudice. While it is urged that the argument of plaintiff's counsel was such as to naturally tend to arouse bias and prejudice, no objection was made to it at the time and a reading of it does not leave the impression that its general tenor would naturally have that effect, although there are expressions in it to which objection could properly be made. The record contains the arguments of all the counsel and in the light of them we do not believe that it can be said that the excessive verdict resulted from the arguments cr any other incident of the trial, We cannot find that this verdict was influenced by passion and prejudice.

We are clear, however, that the amount of the verdict is manifestly against the weight of the evidence.

The only permanent injury claimed was to the left knee. This injury was inflicted on September 9, 1933, and since then has caused the plaintiff considerable pain, inconvenience, expense, and loss of wages. An operation resulting in a permanent stiffening of the knee joint is suggested by the plaintiff's experts as the correct method of minimizing the effects of the injury. Assuming that prognosis is correct, and that after undergoing an operation the knee joint will be permanently stiff, we are of the opinion that a judgment of $25,000 must be held to be excessive.

We are of the opinion that a judgment for $15,000 would be sustained by the evidence.

If the plaintiff consents to a remittitur of $10,000 from the judgment, the judgment so modified, will be affirmed. If the plaintiff does not desire to consent to such remittitur, the judgment will be reversed for the reason that the amount is manifestly against the weight of the evidence, and the cause remanded for a new trial.

ROSS, PJ, MATTHEWS and HAMILTON, JJ, concur.